FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y    D|F

★   OCT 25 2013   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

THE ESTATE OF JACK STEINBERG,

    Appellant,

-against –

WORLDWIDE FOREIGN AUTO PARTS, et al.,

    Appellee.

------------------------------------------------------------------x

Case No.13-cv-04018-SJF

Lead Bankruptcy Case No.
13-71273-reg

Judge Hon. Sandra J. Feuerstein

### ORDER VACATING STAY AND WITHDRAWING EMERGENCY MOTION FOR A STAY PENDING APPEAL

WHEREAS, on March 15, 2013 the following entities filed voluntary petitions under Chapter 11 of the Bankruptcy Code: (a) Worldwide Foreign Auto Parts (Case No. 813-71273-reg); (b) Brother's Realty of N.Y., Inc. (Case No. 813-71274-reg); (c) Swift Auto Parts II, Inc. (Case No. 813-71276-reg); (d) Swift Auto Parts III, Inc. (Case No. 813-71277-reg); (e) Swift Auto Parts IV, Inc. (Case No. 813-71278-reg); and (f) Swift Management Company (Case No. 813-71279-reg) (collectively, the "Debtors") in the U.S. Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"); and

WHEREAS, on March 21, 2013, the Debtors moved to have their cases jointly administered; and

WHEREAS, on March 21, 2013 the Bankruptcy Court entered an order granting the motion for joint administration of the Debtors' bankruptcy cases and designated Case No. 12-712732 as the lead bankruptcy case; and

WHEREAS, on April 15, 2013, the Estate of Jack Steinberg ("Steinberg") moved to dismiss that bankruptcy case filed by Brother's Realty of N.Y., Inc. (the "Motion to Dismiss"); and

WHEREAS, on May 13, 2013, the Debtors filed opposition to the Motion to Dismiss; and

WHEREAS, on May 14, 2013, Steinberg filed a reply in further support of the Motion to Dismiss; and

WHEREAS, at a hearing held on May 15, 2013, the Court denied the Motion to Dismiss; and

WHEREAS, on May 24, 2013, the Bankruptcy Court entered an order denying the Motion to Dismiss (the "Order"); and

WHEREAS, on June 6, 2013, Steinberg filed a notice of appeal of the Order to this Court; and

WHEREAS, on June 14, 2013, Steinberg filed its designation of contents for inclusion in the record on appeal and statement of issues; and

WHEREAS, on June 24, 2013, the Debtors filed their counter-designation of contents for inclusion in the record on appeal and statement of issues on appeal; and

WHEREAS, on July 15, 2013, the record on the appeal was transmitted to this Court; and

WHEREAS, on August 2, 2013, the record on the appeal was docketed in this Court; and

WHEREAS, on October 16, 2013, the Bankruptcy Court entered an order converting the Debtors' bankruptcy cases to cases under Chapter 7 of the Bankruptcy Code and authorized a Chapter 7 Trustee to operate the Debtors' businesses; and

WHEREAS, on October 16, 2013, R. Kenneth Barnard (the "Trustee") was appointed as Chapter 7 Trustee of the Debtors' jointly administered estates and began to operate the Debtors; and

WHEREAS, following his appointment, the Trustee learned that the assets of the Debtor Brother's Realty of N.Y., Inc. includes certain real property (the "Brother's Property"); and

WHEREAS, Steinberg has expressed concerns about any sale of the Brother's Property; and  WHEREAS, the Trustee and Steinberg have had discussions to provide Steinberg's with adequate and reasonable notice to be heard should the Trustee determine to proceed with a sale of the Brother's Property; and

WHEREAS, on October 22, 2013, Steinberg moved on an emergency basis for the imposition of a stay pending the determination of his emergency motion (the "Emergency Motion"); and

WHEREAS, on October 24, 2013, while Steinberg and the Trustee were in the midst of discussing how to preserve Steinberg's ability to be heard as to any prospective sale of the Brother's Property, the Court entered an order granting a stay pending the hearing and determination of the Emergency Motion; and

WHEREAS, that stay prevents the Trustee from operating the Debtors' in accordance with the directives of the Bankruptcy Court.

IT IS HEREBY AGREED, by and between Steinberg and the Trustee that:

1. The stay imposed on October 24, 2013 is vacated; and

2. The Emergency Motion [Dkt. No. 12] is withdrawn without prejudice of the right of Steinberg to renew the Emergency Motion; and

3. If the Trustee moves forward with a sale of the Brother's Property, the Trustee shall provide Steinberg with reasonable notice of such sale so that Steinberg has adequate time to renew the Emergency Motion or seek such relief as it determines to be just and proper; and

4. This Stipulation only pertains to the Emergency Motion [Dkt. No. 12] and does not affect the pending appeal before this Court.

5. Electronic or facsimile signatures on this stipulation shall be deemed originals; and

6. This stipulation be so ordered by the Court.

Dated: October 25, 2013

    O'Reilly, Marsh & Corteselli, P.C.
    Attorneys for the Estate of Jack Steinberg

    *s/ James G. March*
By:    James G. Marsh, Esq.
    William B. Harvey, Esq.
    222 Old Country Road, 2nd Floor
    Mineola, NY 11501
    (516) 741-1818
    jmarsh@omclaw.com

    LaMonica Herbst & Maniscalco, LLP
    Attorneys for R. Kenneth Barnard,
    as Chapter 7 Trustee of the jointly
    administered estate of
    Worldwide Foreign Auto Parts, et al.

    *s/ David A. Blansky*
By:    David A. Blansky, Esq.
    Gary F. Herbst, Esq.
    3305 Jerusalem Avenue
    Wantagh, New York 11793
    (516) 826-6500
    dab@lhmlawfirm.com

SO ORDERED

s/ Sandra J. Feuerstein

U.S.D.J.    10/25/13

4